IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HAPTIC, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC. <br><br> Defendant. | Miscellaneous Action No. 4:25-mc-331 <br><br> (Haptic Case Pending in Northern District of California, CA No. 3:24-cv-02296-JSC) |

**APPLE INC.'S OPPOSED MOTION TO TRANSFER**

**TABLE OF CONTENTS**

I. SUMMARY OF RELIEF REQUESTED AND INTRODUCTION ................................. 1

II. RELEVANT BACKGROUND ................................................................................... 2

    A. Facts Necessary to Resolution of the Motion ......................................... 2

        1. Apple's Discovery Requests to Haptic and Haptic's Refusal To Produce Responsive Documents ................................................................. 3

        2. Apple's Subpoena to Siltstone and Siltstone's Motion to Quash ............... 4

        3. Apple's Discovery Dispute with Haptic in California ............................... 5

    B. Nature and Stage of Proceeding ............................................................... 5

III. LEGAL STANDARDS ............................................................................................... 6

IV. ARGUMENT ............................................................................................................... 7

    A. Judicial Economy Strongly Favors Transfer ........................................... 7

    B. Siltstone Will Not Be Prejudiced by Transfer ......................................... 9

V. CONCLUSION .......................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acceleration Bay LLC v. Activision Blizzard, Inc.*,
2018 WL 798731 (D. Del. Feb. 9, 2018) ...................................................................................4

*Agincourt Gaming, LLC v. Zynga, Inc.*,
2014 WL 4079555 (D. Nev. Aug. 15, 2014) ...........................................................................10

*In re Braden*,
344 F. Supp. 3d 83 (D.D.C. 2018) ...........................................................................................11

*Cantu v. TitleMax, Inc.*,
2015 WL 5944258 (W.D. Tex. Oct. 9, 2015) ............................................................................4

*Chem–Aqua, Inc. v. Nalco Co.*,
2014 WL 2645999 (N.D. Tex. June 13, 2014) .....................................................................7, 10

*Clover Staffing, LLC v. Johnson Cntls World Servs., Inc.*,
238 F.R.D. 576 (S.D. Tex. 2006) ...............................................................................................4

*Cont'l Auto. Says., U.S., Inc. v. Omron Auto. Elec., Inc.*,
2014 WL 2808984 (N.D. Ill. June 20, 2014) .............................................................................7

*F.T.C. v. A± Fin. Ctr., LLC*,
2013 WL 6388539 (S.D. Ohio Dec. 6, 2013) ............................................................................8

*Google, Inc. v. Digital Citizens All.*,
2015 WL 4930979 (D.D.C. July 31, 2015) ...............................................................................9

*Haptic, Inc. v. Apple Inc.*,
Case No. 3:24-cv-02296-JSC (N.D.C.A. Nov. 6, 2023) ................................................. *passim*

*Kompan A/S v. Kraftsman Equip., L.P.*,
2024 WL 3012507 (S.D. Tex. June 14, 2024) ...........................................................................6

*Markos v. Wells Fargo Bank, N.A.*,
2017 WL 394539 (S.D. Tex. Jan. 3, 2017) ................................................................................6

*McGriff Ins. Servs., Inc v. S. Texas Educ. Techs., Inc.*,
2020 WL 10817489 (S.D. Tex. Sept. 11, 2020) ........................................................................6

*In re Omni Bridgeway LLC,* 1:24-MC-00330,
D.I. 25 (D. Del. Aug. 6, 2024). ..................................................................................................9

*In re Perez by Allen*,
  2020 WL 7056024 (N.D. Cal. Dec. 2, 2020) ............................................................................6

*Prater v. Consol. Rail Corp.*,
  272 F. Supp. 2d 706 (N.D. Ohio 2003) ...................................................................................4

*Wultz v. Bank of China, Ltd*,
  304 F.R.D. 38 (D.D.C. 2014) .......................................................................................7, 9, 10

**I.  SUMMARY OF RELIEF REQUESTED AND INTRODUCTION**

The Court should transfer the pending motion to quash to the Northern District of California because the same privilege issues are in dispute before the court in the underlying litigation for which Apple issued the subpoena that Siltstone Capital LLC and its related entities (collectively "Siltstone") now aim to quash. The underlying suit was filed by Haptic, Inc. and, by Siltstone's admission (Dkt. No. 1 at 3), was funded by Siltstone. There, Apple has requested relevant documents from Haptic who, like Siltstone, resists discovery.[1] In refusing to produce relevant documents, both Haptic and Siltstone appear to be taking nearly identical positions: that the label "litigation funding" somehow renders discussions of the asserted patent immune from discovery. Haptic and Siltstone also resist discovery by claiming their communications as privileged while refusing to provide privilege logs. The California court presiding over the underlying litigation will need to address these issues as to Haptic in deciding Apple's forthcoming motion to compel against Haptic. Given the near-complete overlap of Haptic's and Siltstone's positions, the California court would thereby have decided the same with respect to Siltstone. By opposing Apple's motion to transfer the motion to quash, Siltstone seeks to waste this Court's time and resources by imposing duplicative work on it; Siltstone also risks conflicting rulings. Apple respectfully moves this Court to transfer this action to the Northern District of California so that the California court can simultaneously resolve both motions that overlap in substance and in applicable discovery.

A transfer will best serve judicial efficiency as it will allow a court already familiar with the issues in the underlying litigation to rule on, for example, Siltstone's arguments regarding the

---

[1] To be clear, Apple's subpoena includes requests for documents that would not be in Haptic's possession, such as Siltstone's internal documents.

1

relevance of the documents sought by Apple's subpoena. Rather than have this Court learn the ins-and-outs of a complicated patent litigation already two-years in the making and issue a decision that risks conflicting with a decision on parallel issues, this Court should instead transfer the case to a court that is already set to decide these issues.

Apple has conferred with Siltstone regarding the relief requested by this motion. While Siltstone indicated it would oppose the present motion, it did not identify any prejudice it would suffer because of transfer that would outweigh the significant gains in judicial efficiency gained from transfer. Transfer, therefore, is appropriate and should be ordered.

## II.      RELEVANT BACKGROUND

### A.     Facts Necessary to Resolution of the Motion

This action stems from a subpoena issued by the Northern District of California to Siltstone[2] on behalf of Apple. In the underlying litigation, Haptic alleges various Apple iPhone products infringe claims of U.S. Patent No. 9,996,738. *See* Dkt. No. 1, ¶ 44, *Haptic, Inc. v. Apple Inc.*, Case No. 3:24-cv-02296-JSC (N.D.C.A. Nov. 6, 2023) (the "Haptic Litigation"). Haptic's case against Apple has been pending since 2023, and fact discovery closes in April 2025. The California court has decided numerous issues in the case already, including a substantive motion to dismiss (Haptic Litigation, Dkt. No. 13) and a motion to stay (*id.* at Dkt. No. 114), and it has also conducted a *Markman* hearing and issued a corresponding claim construction order (*id.* at Dkt. No. 133). Discovery is nearing the end, with document productions substantially completed and depositions well underway.

---

[2] Apple subpoenaed three Siltstone entities: Siltstone Capital Litigation Fund, LP, Siltstone Capital LLC, and LF Haptic, LLC. The Motion to Quash addresses these entities collectively, as does Apple's Opposition.

2

### 1. Apple's Discovery Requests to Haptic and Haptic's Refusal To Produce Responsive Documents

In the Haptic Litigation, Apple has requested that Haptic produce documents and communications with third parties regarding the asserted patent, valuations of the patent, potential litigation against Apple, and other related topics. Siltstone admitted in its motion to quash, and Apple has confirmed through its own investigation, that Siltstone has funded Haptic's lawsuit against Apple. *See, e.g.,* Dkt. No. 1 at 3 ("[Siltstone Capital Litigation Fund] is a fund managed by Siltstone that provides litigation funding to plaintiffs, including to Haptic in the Haptic Action."). Accordingly, some of Apple's discovery requests to Haptic specifically relate to Haptic's dealings with Siltstone. Ex. A at RFP Nos. 13-15, 19, 22, 36 (served May 10, 2024); Ex. B at ROG 7 (served May 10, 2024).

Haptic has refused to produce these plainly relevant documents, such as valuations of the asserted patent, under the guise that such discovery relates to "litigation funding" and thus is somehow immune. For example, Haptic is using the label "litigation funding" as a shield to withhold **all** documents relating to or communicated to Siltstone, but such documents are clearly relevant to the asserted patent, its valuation, and the Haptic Litigation. And these documents cannot possibly all be swept under a privilege shield as they invariably span a time during which Haptic and Siltstone were in an adversarial relationship before they entered into any agreement related to the Haptic Litigation. Furthermore, even if some of these documents were truly privileged, Haptic has baselessly refused to provide a privilege log that would enable Apple to test or challenge the claims of privilege.

The problem with Haptic's position is best illustrated through an example. Under Haptic's view, it can withhold a valuation of the asserted patent—something undeniably relevant to this patent litigation—simply because it was shared with Siltstone, including before or during the

3

negotiation of a funding agreement. It is hard to imagine a document that would be more relevant to damages in a patent case than a valuation of the asserted patent. And a document that was shared between Haptic and Siltstone while negotiating a business transaction is not credibly privileged. *E.g.*, *Acceleration Bay LLC v. Activision Blizzard, Inc.*, 2018 WL 798731, at *1–*2 (D. Del. Feb. 9, 2018) (finding pre-suit litigating funding documents prepared with a "primary purpose of obtaining a loan, as opposed to aiding in possible future litigation" not privileged); *Clover Staffing, LLC v. Johnson Cntls World Servs., Inc.*, 238 F.R.D. 576, 579 (S.D. Tex. 2006) ("Documents created for a business purpose are not covered by the work-product protection."); *Cantu v. TitleMax, Inc.*, 2015 WL 5944258, at *3–*4 (W.D. Tex. Oct. 9, 2015) (attorney analysis regarding "likelihood of success in a pending case, as well as a summary of research that speaks to the scope of potential liability," was not work product when prepared for a third-party accounting firm); *Prater v. Consol. Rail Corp.*, 272 F. Supp. 2d 706, 713 (N.D. Ohio 2003) (ordering production of documents created by attorneys because "the lawyers were doing business work, not legal work, albeit in response to lawsuits and the risk of lawsuits").

### 2. Apple's Subpoena to Siltstone and Siltstone's Motion to Quash

Apple also served subpoenas on Siltstone, seeking relevant communications and documents relating to the asserted patent, the litigation against Apple, and valuations thereof. Dkt Nos. 1-2, 1-3, 1-4. Apple is looking to obtain, for example, any documents that discuss Haptic's pitch for Siltstone to fund the case against Apple, including valuations of the asserted patent or this litigation, or any projected damages it expected to receive from Apple. These documents may be internal-only (such as Siltstone's own assessment of the Asserted Patent) or requested from third parties (such as valuations of the Asserted Patent obtained by Siltstone). Siltstone may also have independently assessed the merits or value of Haptic's planned litigation against Apple. The documents in Apple's subpoena are highly relevant in the Haptic Litigation

4

where (for example) damages center around how parties would hypothetically negotiate the value of the asserted patent—something Haptic and Siltstone likely did prior to consummating their financing arrangement. But without a privilege log, Apple cannot test any privilege claim Siltstone (or Haptic) lays to such documents.

In its motion to quash, Siltstone makes the same relevance and privilege arguments that Haptic has raised during meet-and-confers in the Haptic Litigation. *See* Dkt. No. 1 at 10-19 (arguing that the categories of documents sought are irrelevant); *id.* at 19-24 (arguing that the documents sought are privileged). For example, Siltstone argues that any responsive documents—including any documents evaluating the merits of the asserted patent and/or the Haptic Litigation—are protected work product under a non-disclosure agreement signed by Siltstone and Haptic. *Id.* at 19-24.

### 3. Apple's Discovery Dispute with Haptic in California

Based on Haptic's refusal to produce the requested documents, Apple is asking the California court to compel Haptic to provide discovery that overlaps with that described above, e.g., discovery regarding the asserted patent and the Haptic Litigation, regardless of whether Haptic chooses to label it as related to "litigation funding." Apple has initiated a discovery dispute before the California court, in which Apple is seeking full briefing on the issue. *See* Ex. C (Judge Corley's Standing Order), p. 4. Apple has also alerted the California court and Haptic that Apple has filed this motion to transfer. After the parties submit a discovery dispute statement, the California court may issue a ruling, order more briefing, schedule a videoconference with the parties, or set further hearing dates.

### B. Nature and Stage of Proceeding

Siltstone initiated this action by filing its motion to quash Apple's subpoena in this district (where Siltstone is based and subpoena compliance was requested) rather than the Northern

5

District of California (which issued the subpoena and is handling the Haptic Litigation). *See* Dkt. No. 1. Apple is filing an opposition to Siltstone's motion to quash concurrently with this motion, demonstrating that the documents in Siltstone's possession are relevant and not privileged. In the present motion, Apple asks the Court to transfer this action to the Northern District of California, so that court can efficiently resolve all disputes concerning Haptic's litigation financers, including Siltstone.

### III.   LEGAL STANDARDS

Rule 45(f) allows this Court to transfer a subpoena-related motion to the subpoena-issuing court in "exceptional circumstances." Fed. R. Civ. P. 45(f). As set forth in the accompanying Advisory Committee Notes, while "it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions," "[t]ransfer may be warranted" where, as here, the issuing court "has already ruled on issues presented by the motion" or where "the same issues are likely to arise in discovery" in the underlying litigation. Fed. R. Civ. P. 45, advisory committee notes on 2013 amendments. Indeed, this Court has found exceptional circumstances are present and transfer is appropriate many times before, in order "to avoid disrupting the issuing court's management of the underlying litigation." *McGriff Ins. Servs., Inc v. S. Texas Educ. Techs., Inc.*, 2020 WL 10817489, at *2 (S.D. Tex. Sept. 11, 2020) (quoting committee notes and ordering transfer); *Kompan A/S v. Kraftsman Equip., L.P.*, 2024 WL 3012507, at *3 (S.D. Tex. June 14, 2024) (finding that judicial economy and risk of divergent rulings favored transfer); *Markos v. Wells Fargo Bank, N.A.*, 2017 WL 394539, at *2 (S.D. Tex. Jan. 3, 2017) (same).

Such transfers are commonplace in other jurisdictions as well, including the Northern District of California. *E.g.*, *In re Perez by Allen*, 2020 WL 7056024, at *4 (N.D. Cal. Dec. 2, 2020) (granting motion to transfer subpoena action Texas "to avoid disrupting the issuing court's

management of the underlying litigation" because "the same issues are likely to arise in discovery"); *see also Cont'l Auto. Says., U.S., Inc. v. Omron Auto. Elec., Inc*., 2014 WL 2808984, at *2 (N.D. Ill. June 20, 2014) (transferring motion because ruling on it risked inconsistent rulings that might disrupt management of the underlying litigation); *Chem–Aqua, Inc. v. Nalco Co.*, 2014 WL 2645999, at *3 (N.D. Tex. June 13, 2014) (finding exceptional circumstances because the court presiding over the underlying litigation had already ruled on issues in motion to compel); *Wultz v. Bank of China, Ltd*, 304 F.R.D. 38, 46 (D.D.C. 2014) (finding exceptional circumstances where the judge presiding over the underlying litigation was "in a better position to rule on the ... motion ... due to her familiarity with the full scope of the issues involved").

## IV.     ARGUMENT

As Siltstone itself emphasized in its motion to quash, the core disputes at issue in its motion—the relevance and propriety of a blanket claim of privilege over documents relating to the asserted patent and litigation—are most efficiently decided by the Northern District of California, the location of the Haptic patent litigation, with Haptic's participation. Dkt. No. 1 at 2 ("[T]he Subpoenas implicate work product doctrine and attorney-client privilege concerns, ***which should not be adjudicated in Haptic's absence***." (emphasis added.)). The issues to be adjudicated here overlap nearly completely with motion to compel process already underway in that district, and that district is already intimately aware of the context of the litigation, which will inform any decision on the documents' relevance. In order to preserve this Court's time and resources, and because any prejudice to Siltstone is minimal at best, exceptional circumstances exist and this case should be transferred to the Northern District of California.

### A.     Judicial Economy Strongly Favors Transfer

As detailed above, exceptional circumstances exist in this case and support transfer. Apple and Haptic are litigating the same issues in the Haptic Litigation—the relevance and privilege

7

disputes are the same—and Siltstone's arguments mirror Haptic's arguments. Siltstone is thus asking this Court to duplicate the work of the California court, while creating a substantial risk of inconsistent rulings. There is simply no need for two different courts to consider the same issues. The Northern District of California is best positioned to resolve the common issues. And by deciding both disputes together, the California court would be able to stage discovery from Haptic and Siltstone or potentially even moot aspects of the motion to quash if, for example, portions of the discovery can be obtained from Haptic first before compelling Siltstone for those overlapping documents.

Thus, this case is like numerous other cases where transfer was ordered, including *F.T.C. v. A± Fin. Ctr., LLC*, 2013 WL 6388539 (S.D. Ohio Dec. 6, 2013). In *FTC*, the FTC initiated a miscellaneous action in the Southern District of Ohio by moving to compel a party to produce documents pursuant to a subpoena. *Id.* at *1. In parallel in the underlying litigation, the FTC and its counterparty were engaged in motion practice on similar issues relating to similar categories of documents. *See id.* at *3. The FTC accordingly moved the Southern District of Ohio to transfer the case to the district where the underlying litigation was pending, arguing that transfer was appropriate because the underlying district was "more familiar with the underlying claims and [more] readily able to determine discovery issues related to subpoena." *Id.* at *1. The Court agreed, finding transfer "warranted to avoid inconsistent outcomes and for purposes of judicial economy." *Id.* at *3.

Notably, while Siltstone opposes transfer, certain of its arguments actually support transfer. Siltstone argues (for example) that it cannot produce the subpoenaed documents because some of them are protected by an attorney-client privilege and an attorney-work product privilege that **belongs to Haptic**. *See* Dkt. No. 1 at 1–2. Because (according to Siltstone) the purported privilege

8

belongs to Haptic, Siltstone argues that the privilege issue "should not be adjudicated in Haptic's absence." *Id.* at 2. The best way to accomplish this is to transfer this case to the same Court where Haptic and Apple are already litigating the same issue.

Similarly, Siltstone argues in its motion to quash that the documents Apple seeks are "not relevant to the claims and defenses" in the Haptic Litigation, nor "proportional to the needs" of the case. *Id.* at 2, 3. The relevance of any document, of course, depends on the claims and defenses raised by the parties. The Northern District of California has already adjudicated discovery issues and has issued rulings concerning the merits of the underlying case between Haptic and Apple. The Northern District is thus best suited to decide Siltstone's relevance arguments as well.[3]

### B. Siltstone Will Not Be Prejudiced by Transfer

For transfer of a subpoena-related action, Rule 45(f) requires only a showing of "exceptional circumstances"—which (as discussed above) exist here. *See* Fed. R. Civ. P. 45(f). Nonetheless, some courts have also considered whether transfer would place an undue burden on the subpoenaed party before ordering transfer. Here, Siltstone will not suffer any prejudice from transfer, and certainly none that outweigh the benefit to judicial economy that will be gained from transfer.

Siltstone will not, for example, have to file any additional pleadings. As courts have found, transferring a motion to the jurisdiction where the underlying litigation is pending requires few, if any, modifications of the written submissions, [and] does not rise to the level of unfair prejudice."

---

[3] In a previous unrelated case, Apple opposed the transfer of a motion to quash a subpoena, but that court ordered the motion transferred to the court presiding over the underlying litigation (as Apple is now urging here) stating, "I cannot think of a good reason why I should expend precious judicial resources making a decision that could very well and reasonably be rendered moot or effectively nullified by the rulings of the judge who is overseeing the underlying litigation." Ex. D, *In re Omni Bridgeway LLC*, 1:24-MC-00330, D.I. 25 (D. Del. Aug. 6, 2024).

*Google, Inc. v. Digital Citizens All.*, 2015 WL 4930979, at *4 (D.D.C. July 31, 2015) (quoting *Wultz*, 304 F.R.D. at 45). This is particularly true here where these same issues will soon be addressed, including with district-specific law, by Apple and Haptic in the Northern District of California. Indeed, Siltstone's motion to quash relies on caselaw from the Northern District of California, making it an especially appropriate venue to decide these issues. *See, e.g.,* Dkt. No. 1 at Table of Authorities.

Nor will Siltstone be deprived of its chosen counsel. The Federal Rules specifically provide that, after transfer of a subpoena-related action, "if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an office of the issuing court." Fed. R. Civ. P. 45(f).

Also, Siltstone will not suffer any prejudice relating to the production of documents, should any be ordered to be produced. Apple and its counsel are willing to receive documents electronically. Or, if Siltstone chooses to produce the documents physically, Apple's undersigned counsel can receive them at offices in this District in Houston, Texas.

The only potential prejudice Siltstone could identify regarding this motion is that its chosen counsel may have to travel to the Northern District of California for a hearing on Siltstone's motion to quash. "Almost any subpoenaed party could make the same undue burden arguments that [Siltstone would] make[] here." *Chem-Aqua, Inc. v. Nalco Co.*, 2014 WL 2645999, at *3 (N.D. Tex. June 13, 2014)). It should accordingly be rejected. First, the standing orders of the presiding judge in the Northern District of California indicate that at least any initial conference with the court would be scheduled by video. Ex. C (Judge Corley's Standing Order, p. 4) ("The Court may issue a ruling or schedule a videoconference with the parties, and at such conference may issue rulings, order more formal briefing, or set further hearing dates."). Even if the California court

10

did hold a live hearing on these arguments, which is not guaranteed and is a matter of judicial preference, courts have consistently found, "the cost of litigation alone"—including attorney travel—"does not amount to an unfair prejudice." *Wultz*, 2014 WL 2257296, at *6; *see also Chem-Aqua*, 2014 WL 2645999, at *3 (same); *Agincourt Gaming, LLC v. Zynga, Inc.*, 2014 WL 4079555, at *7 (D. Nev. Aug. 15, 2014) (holding that "absent unusual circumstances, the cost of litigation alone does not constitute an unfair burden"). Furthermore, "the general interest in protecting local nonparties by requiring local resolution of subpoena-related disputes is significantly reduced" where, as here, the subpoenaed party is represented by sophisticated national counsel.[4] *In re Braden*, 344 F. Supp. 3d 83, 95 (D.D.C. 2018).

## V.    CONCLUSION

Because judicial economy and the risk of conflicting judgments heavily favors transfer and any prejudice to Siltstone is minimal at best, this Court should transfer this action to the Northern District of California.

---

[4] Siltstone's chosen law firm for the motion to quash—Schulte Roth & Zabel—is based in midtown Manhattan and has no office in Texas. *See, e.g.,* https://www.srz.com/en/practices.

11

Dated: March 17, 2025                               FISH & RICHARDSON P.C.

                                                By: */s/ Joshua H. Park*
                                                    Joshua H. Park
                                                    Attorney-in-Charge
                                                    Texas Bar No. 24121766
                                                    S.D. Tex. ID No. 3653542
                                                    909 Fannin Street, Suite 2100
                                                    Houston, Texas 77010
                                                    Tel: 713-654-5300 | Fax 713-652-0109
                                                    jpark@fr.com

                                                    Roger A Denning (*pro hac vice forthcoming*)
                                                    California Bar No. 228998
                                                    denning@fr.com
                                                    Seth M. Sproul (*pro hac vice forthcoming*)
                                                    California Bar No. 217711
                                                    sproul@fr.com
                                                    Joy B. Kete (*pro hac vice forthcoming*)
                                                    California Bar No. 355859
                                                    kete@fr.com
                                                    12860 El Camino Real, Suite 400
                                                    San Diego, CA 92130
                                                    Tel: 858-678-5070 | Fax: 858-678-5099

                                                **COUNSEL FOR DEFENDANT APPLE INC.**

**CERTIFICATE OF CONFERENCE**

The undersigned counsel conferred with counsel for Siltstone Capital LLC, Siltstone Capital Litigation Fund, LP, and LF Haptic, LLC (collectively, "Siltstone") regarding the merits of this motion via video call on March 15, 2025 and by email. On March 15, 2025, counsel for Siltstone indicated that Siltstone opposed this motion. Therefore, the parties are at an impasse and are unable to agree about the disposition of this motion.

Dated: March 17, 2025

                                            */s/ Joshua H. Park*
                                            Joshua H. Park


**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on March 17, 2025, via the Court's CM/ECF system on all counsel of record.

                                            */s/ Joshua H. Park*
                                            Joshua H. Park