IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HAPTIC, INC.,<br>    Plaintiff,<br><br>v.<br><br>APPLE INC.<br>    Defendant. | Miscellaneous Action No. 4:25-mc-331<br><br>(Haptic Case Pending in Northern District of California, CA No. 3:24-cv-02296-JSC) |

**APPLE INC.'S SUR-REPLY TO SILTSTONE'S
OPPOSED MOTION TO QUASH APPLE INC.'S SUBPOENAS**

Apple respectfully submits this sur-reply to clarify the record regarding the status of the related discovery dispute between Apple and Haptic in the underlying case in Northern District of California ("N.D. Cal."), *Haptic, Inc. v. Apple Inc.*, CA No. 3:24-cv-02296-JSC ("Underlying Litigation").

Specifically, on March 25, the parties jointly filed a five-page dispute statement in which Apple asked the N.D. Cal. court to compel Haptic to provide relevant discovery regardless of whether Haptic shared it with a litigation funder or otherwise labels it related to "litigation funding." Ex. A (Underlying Litigation at Dkt. 154); *see also* Ex. B (Underlying Litigation at Dkt. 142 (ordering parties to file a discovery dispute joint letter regarding each unresolved dispute by March 25)). As a next step, the N.D. Cal. court may request additional briefing, order a hearing, or decide the issue outright. *See* Dkt. 5-4 (Judge Corley's Standing Order) at § F.2. The case is set for a Case Management Conference on April 2, where Apple intends to discuss this discovery issue further with the N.D. Cal. court, if the court desires.

1

Dated: March 31, 2025　　　　　　　　FISH & RICHARDSON P.C.

　　　　　　　　　　　　　　　　　　By: */s/ Joshua H. Park*
　　　　　　　　　　　　　　　　　　　　Joshua H. Park
　　　　　　　　　　　　　　　　　　　　Attorney-in-Charge
　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24121766
　　　　　　　　　　　　　　　　　　　　S.D. Tex. ID No. 3653542
　　　　　　　　　　　　　　　　　　　　909 Fannin Street, Suite 2100
　　　　　　　　　　　　　　　　　　　　Houston, Texas 77010
　　　　　　　　　　　　　　　　　　　　Tel: 713-654-5300 | Fax 713-652-0109
　　　　　　　　　　　　　　　　　　　　jpark@fr.com

　　　　　　　　　　　　　　　　　　　　Roger A Denning (*Admitted pro hac vice*)
　　　　　　　　　　　　　　　　　　　　California Bar No. 228998
　　　　　　　　　　　　　　　　　　　　denning@fr.com
　　　　　　　　　　　　　　　　　　　　Seth M. Sproul (*Admitted pro hac vice*)
　　　　　　　　　　　　　　　　　　　　California Bar No. 217711
　　　　　　　　　　　　　　　　　　　　sproul@fr.com
　　　　　　　　　　　　　　　　　　　　Joy B. Kete (*Admitted pro hac vice*)
　　　　　　　　　　　　　　　　　　　　California Bar No. 355859
　　　　　　　　　　　　　　　　　　　　kete@fr.com
　　　　　　　　　　　　　　　　　　　　12860 El Camino Real, Suite 400
　　　　　　　　　　　　　　　　　　　　San Diego, CA 92130
　　　　　　　　　　　　　　　　　　　　Tel: 858-678-5070 | Fax: 858-678-5099

　　　　　　　　　　　　　　　　　　**COUNSEL FOR DEFENDANT APPLE INC.**

# EXHIBIT A

Roger A. Denning (SBN 228998)
denning@fr.com
Seth M. Sproul (SBN 217711)
sproul@fr.com
Joy B. Kete (SBN 355859)
kete@fr.com
Ryan P. O'Connor (SBN 253596)
oconnor@fr.com
Jeff H. Burton (SBN 328305)
jburton@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: 858-678-5070 / Fax: 858-678-5099

Katherine D. Prescott (SBN 215496)
prescott@fr.com
Jeanel N. Sunga (SBN 333815)
sunga@fr.com
Claire Chang (SBN 341420)
cchang@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Tel: 650-893-5070 / Fax: 650-839-5071

*Additional Counsel listed on Signature Page*

*Attorneys for Defendant Apple Inc.*

Davida Brook (SBN 275370)
dbrook@susmangodfrey.com
Connor Cohen (SBN 354686)
ccohen@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Brian D. Melton (Admitted *pro hac vice*)
bmelton@susmangodfrey.com
Rocco Magni (Admitted *pro hac vice*)
rmagni@susmangodfrey.com
Ace M. Factor (Admitted *pro hac vice*)
afactor@susmangodfrey.com
Shaleez E. Ozlat (Admitted *pro hac vice*)
sozlat@susmangodfrey.com
Thomas V. DelRosario (SBN 236264)
tdelrosario@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*Additional Counsel listed on Signature Page*

*Attorneys for Plaintiff Haptic, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HAPTIC, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC. <br><br> Defendant. | Case No. 3:24-cv-02296-JSC <br><br> **JOINT DISCOVERY STATEMENT PURSUANT TO DKT. 142** |

Pursuant to the Court's February 21st Order Continuing the CMC and Setting Discovery Dispute Deadline (Dkt. 142), the parties provide this joint dispute letter regarding discovery issues referenced in the February 19th Joint Case Management Statement (Dkt. 141). The parties conducted a lead counsel meet and confer on February 20th regarding these issues and reached impasse. Pursuant to Section F.2 of this Court's Standing Order, Apple provided Haptic with its half of a joint dispute letter on March 6th; Haptic provided its half on March 25th.

## I. APPLE'S POSITION

Haptic has refused to provide relevant, non-privileged discovery—such as discussions with third parties regarding the Asserted Patent and its valuation—all under the guise that such discovery relates to "litigation funding" and is thus somehow immune. Haptic claims it need not produce this discovery simply because the information may have been shared with particular third parties (potential litigation funders). Haptic also has refused to provide a privilege log detailing the documents and grounds for withholding them. In this regard, it is Haptic who has taken the extreme position here, not Apple. Apple respectfully asks the Court to compel Haptic to provide relevant discovery, regardless of whether Haptic chooses to label it as related to "litigation funding." Given the complexity of the arguments Apple expects may be presented, Apple requests that the Court allow the parties to submit full briefing on the issue, including to address Haptic's statements regarding the state of the law on this issue.[1]

### A. Apple's Requested Discovery Is Relevant To Key Issues In This Case

Apple's discovery requests seek documents and information concerning key issues in this case, such as documents and communications regarding Apple's alleged infringement (ROG 11; RFPs 9, 17-18, 22-24, 28, 45; Topics 13, 45-46), the validity of the Asserted Patent (ROGs 5, 6; RFPs 7, 9, 22-23, 28-29, 45; Topics 4-5), and the value of the Asserted Patent (ROGs 7, 9, 11; RFPs 23, 39, 45; Topics 53, 55, 61). This information is plainly relevant (not speculative, as Haptic asserts) and is therefore discoverable under Fed. R. Civ. P. 26(b)(1).

Relevant documents do not become irrelevant simply because Haptic shared them with a potential funder or labels them "litigation funding." *See, e.g.*, *Acceleration Bay LLC v. Activision Blizzard, Inc.*, 2018 WL 798731, at *3 (D. Del. Feb. 9, 2018) (ordering production of litigation-funding information); *Odyssey Wireless, Inc. v. Samsung Elecs. Co., Ltd*, 2016 WL 7665898, at *9 (S.D. Cal. Sept. 20, 2016) (same); *In re Google Litig.*, 2011 WL 6113000, at *3-4 (N.D. Cal. Dec. 7, 2011) (same). As one example, if Haptic made any representations about the value of the Asserted Patent or this litigation to any third party, Haptic's statements would be directly relevant to damages and should be produced. Haptic's carefully worded representation that it did not perform or provide anyone with "a valuation of the patent itself" is itself a guise to shield from discovery otherwise relevant documents, such as valuations of this litigation or qualitative statements about the value of the patent (i.e., not a formal "valuation."). There is no discovery exception for "litigation funding," and the Court should decline to create one.

---

[1] As one example, in April of 2022, Chief Judge Connolly issued a new set of standing orders that require parties to disclose any entity that is providing any litigation funding in exchange for a financial interest that is contingent upon the results of the litigation. *See* District of Delaware, Standing Order Regarding Third-Party Litigation Funding Arrangements (D. Del. Apr. 18, 2022). This requirement—and the relevance of litigation funding—was litigated to the Federal Circuit, which affirmed an order in which Judge Connolly compelled a party to turn over litigation funding materials as relevant and not privileged. *In re Nimitz Techs. LLC*, 2022 WL 17494845, at *1 (Fed. Cir. Dec. 8, 2022), *rehearing denied*, No. 2023-103, D.I. 58 (Jan. 31, 2023).

Apple's requests also target information about the ownership of and interest in the Asserted Patent, as well as documents regarding the terms of Haptic's arrangements with any litigation funders (ROGs 7, 9; RFPs 13-15, 19, 34, 36, 45; Topics 13, 15, 39-41, 49, 53). These documents are relevant to test the credibility of Haptic's witnesses (*see Sloan v. Oakland Police Dep't*, 2003 U.S. Dist. LEXIS 29572, at *7 (N.D. Cal. 2003)); to determine whether Haptic had and continues to have standing to prosecute this case (*see Uniloc USA, Inc. v. Apple, Inc.*, 2020 WL 7122617, at *7-8 (N.D. Cal. Dec. 4, 2020)); and to Apple's defenses (and rebuttals). Haptic now offers to provide an interrogatory response confirming that it owns 100% of the Asserted Patent and that no funder owns any portion of Haptic, but this again misses the point. Haptic has a funder and has exchanged information about this case with that funder; it should be required to provide that information unless it is legitimately privileged (in which case, it must be logged).

Finally, Apple seeks the litigation funding agreement itself (ROG 7; RFPs 14, 34, 36, 45; Topics 40, 49). Courts have regularly found "litigation funding agreements and related documents can be 'directly relevant' to 'the valuations placed on the ... patents prior to the present litigation.'" *E.g.*, *Taction Tech., Inc. v. Apple Inc.,* 2022 WL 18781396, at *4-5 (S.D. Cal. Mar. 16, 2022) (ordering production of "litigation funding agreements and related documents that contain or reflect valuations of the Asserted Patents")[2]; *see also Impact Engine, Inc. v. Google LLC*, 2020 WL 2745230, at *4 (S.D. Cal. Aug. 12, 2020).

### B. Haptic Cannot Establish a Privilege Claim

Haptic has failed to meet its burden to substantiate its blanket claim that the documents it is withholding are privileged. *See Sia Chue Yang v. Schwarzenegger*, 2010 WL 11587074, at *11 (N.D. Cal. May 12, 2010); *Waymo LLC v. Uber Techs., Inc.*, 319 F.R.D. 284, 291 (N.D. Cal. 2017). Haptic has not served a required privilege log, *see* Fed. R. Civ. P. 26(b)(5), nor has it explained its failure to do so. Haptic instead relies entirely on general arguments that litigation funding information is protected as work product and covered by a common interest. Haptic never addresses threshold issues necessary to establish a privilege, such as identifying the alleged common interest, or explaining how work product protects documents exchanged with a third party. Critically, Haptic fails to address privilege on a document-by-document basis, and does so only categorically, which is why a privilege log is needed.

Apple has subpoenaed Haptic's litigation funder and there is a pending motion to quash (and related motion to transfer that action to this Court) pending in SDTX (Case No. 4:25-mc-331). Notably, Haptic's funder did not argue the existence of a common interest with Haptic. The funder instead argued that a privilege attached because documents were exchanged pursuant to an NDA. That is also wrong. Courts repeatedly find that parties cannot unilaterally create a privilege and exempt documents from discovery by entering into an NDA. *Micron Tech., Inc. v. Factory Mut. Ins. Co.*, 2022 WL 187156, at *2 (N.D. Cal. May 26, 2022) ("Courts in this district and others have recognized that an NDA cannot be used to shield information from discovery."); *see also Shvartser v. Lekser*, 270 F. Supp. 3d 96, 98 (D.D.C. 2017). This Court should overrule Haptic's privilege objection or, at minimum, order Haptic to provide a privilege log.

Specifically, Haptic cannot claim that documents shared with its litigation funder are protected by the **attorney client privilege**, which "protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *Valeo Schalter und Sensoren GmbH v. NVIDIA Corp.*, 2025 WL 41936, at *5 (N.D. Cal. Jan. 6, 2025). The third parties

---

[2] In Taction, Apple's motion was granted-in-part and denied-in-part. Apple's objections to the report and recommendation were never resolved because Apple prevailed on summary judgment. *See Taction Tech. v. Apple*, Case No. 21-cv-00812-TWR-JLB, Dkt. 367 (S.D. Cal. Aug. 1, 2023).

with whom Haptic communicated are not part of the attorney-client relationship between Haptic and its counsel. *Midwest Athletics & Sports All. LLC v. Ricoh USA, Inc.*, 2020 WL 5554361, at *3 (E.D. Pa. Sept. 16, 2020) (litigation funder communications not privileged). To the extent Haptic voluntarily conveyed attorney-client privileged information to a third party, the privilege is waived. *United States v. Ruehle*, 583 F.3d 600, 612 (9th Cir. 2005) (it is a "settled rule that *any* voluntary disclosure of information to a third party waives the attorney-client privilege").

Nor can Haptic protect these materials under the extended **common defense**/**interest doctrine**, at least prior to the execution of a litigation funding agreement when the parties were adversely negotiating a commercial transaction. Without any information to know more, there appears to be a common *commercial* interest between Haptic and its litigation funders—not a *legal* one. *See Nidec Corp. v. Victor Co. Japan*, 249 F.R.D. 575, 580 (N.D. Cal. 2007) (no common interest in purely commercial transaction). Indeed, Haptic's funder claims that its only involvement in the case is as a bank providing funding. *See Haptic Inc. v. Apple Inc.*, No. 4:25-mc-331 (S.D. Tex), Dkt. No. 1-1 (Walia Decl. ¶ 8).

Last, Haptic cannot find refuge in the **work product privilege**. Materials shared with Haptic's litigation funders both prior to and after consummating a commercial transaction (i.e., a funding arrangement) were created for a business purpose—not in anticipation of litigation. "The fact that litigation may have been reasonably anticipated to occur at some point in the future does not convert [a] business function[] into legal function[] or make all communications relating to these functions privileged or subject to work product protection." *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 296 F. Supp. 3d 1230, 1243 (D. Or. 2017); *see also In re Cal. Pub. Utils. Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989) (materials prepared for non-party not protected work product). If any work product materials were shared, any privilege is waived. *Id.*

The Court should not allow Haptic to withhold documents on a blanket claim of privilege or refuse to provide a privilege log solely because it was shared with a litigation funder.

## II. HAPTIC'S POSITION

As officers of the court, Apple has a duty to inform the Court on the state of the law. Apple asks this Court to take an extreme, outlier position rejected by nearly every court to consider the issue. But one would never know it by reading Apple's dispute statement, which primarily relies on non-litigation funding cases and is silent on the state of the law. The reality is that "[C]ourts across the country that have addressed the issue have held that litigation funding information is generally irrelevant to proving the claims and defenses in a case." *Fulton v. Foley*, 2019 WL 6609298, at *2 (N.D. Ill. Dec. 5, 2019); *Trustees of Purdue Univ. v. STMicroelectronics, Inc.*, No. 6:21-CV-00727-ADA, 2023 WL 11917023, at *3 (W.D. Tex. Jan. 18, 2023) ("Courts, in this district and elsewhere, have routinely held that information about litigation funding is largely irrelevant and thus beyond the scope of discovery absent a compelling showing of a legitimate concern (such as standing or conflicts of interest).").[3]

---

[3] *See also, e.g.*, *In re Hair Relaxer Mktg. Sales Practices & Products Liab. Litig.*, No. 23-CV-0818, 2024 WL 2133171, at *4 (N.D. Ill. Apr. 9, 2024) ("the Court joins the chorus of courts to find that litigation funding is not relevant to the claims and defenses in the case."); *V5 Techs. v. Switch*, 2019 WL 7489108, at *3–6 (D. Nev. Dec. 20, 2019) ("the Court agrees with Plaintiff that its litigation funding is not relevant to the claims or defenses in this case"); *Fleet Connect Sols. LLC v. Waste Connections US, Inc.*, No. 2:21-CV-00365-JRG, 2022 WL 2805132, at *3 (E.D. Tex. June 29, 2022) (denying motion to compel production of "litigation funding agreements" even though the defendant argued they were relevant to "standing," "expert bias, motivations of witnesses, and

Courts in the Northern District of California have also completely rejected efforts to obtain discovery into litigation funding. *See MLC Intell. Prop., LLC v. Micron Tech., Inc.*, No. 14-CV-03657-SI, 2019 WL 118595, at *1 (N.D. Cal. Jan. 7, 2019) (denying discovery into "'persons and entities that have a financial interest in this litigation,' including an identification of any third party that is funding this litigation" as "not relevant"); *NantWorks, LLC v. Niantic, Inc.*, No. 20-CV-06262-LB, 2022 WL 1500011, at *2 (N.D. Cal. May 12, 2022) (denying as irrelevant motion to compel interrogatory response identifying litigation funding information); *Space Data Corp. v. Google LLC*, 2018 WL 3054797, *1 (N.D. Cal. 2018) ("Even if litigation funding were relevant (which is contestable), potential litigation funding is a side issue at best.").

This is far from Apple's first attempt at litigation funding discovery, having been consistently rebuffed in the past. *See, e.g.*, *Mullen Industries LLC v. Apple Inc.*, No. 6:22-cv-00145, Dkt. 64 (W.D. Texas Oct. 19, 2022) (Albright, J.) ("Apple's deposition notices are quashed to the extent they seek information regarding litigation funders and/or litigation investors."); *Taction Tech., Inc. v. Apple Inc.*, No. 21-CV-00812-TWR-JLB, 2022 WL 18781396, at *8 (S.D. Cal. Mar. 16, 2022). Though Apple's position statement fails to mention its prior efforts.

Ultimately, courts generally conclude either (1) that litigation funding discovery is irrelevant absent a compelling, non-speculative reason to believe bias exists or (2) the information is protected by the work product privilege. Both are true here. Despite the overwhelming case law in Haptic's favor, Haptic offered a compromise at the Court's direction. Exh. 1. Apple rejected the compromise.

**A. The discovery Apple seeks is not relevant.**

There is a "plethora of authority that holds that discovery directed to a plaintiff's litigation funding is irrelevant." *In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prods. Liab. Litig.*, 405 F. Supp. 3d 612, 615 (D.N.J. 2019) (collecting cases)).

To the extent that courts entertain relevancy at all, they require defendants to offer more than mere speculation and suspicion. *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, No. 14-CV-03657-SI, 2019 WL 118595, at *2 (N.D. Cal. Jan. 7, 2019) (Recognizing defendant's "assertions of potential bias and conflicts of interest are speculative" and noting that other cases "simply held that fee and litigation funding agreements could be discoverable when there was a specific, articulated reason to suspect bias or conflicts of interest").

Apple cannot demonstrate a non-speculative reason for the discovery it seeks. Apple claims the discovery is relevant to potential bias and ownership of the patent itself, but offers no basis for its assertions. Nor could it. Haptic already offered a verified interrogatory response confirming Haptic owns 100% of the patent in suit, no litigation funder owns any portion of Haptic or any entity that owns any portion of Haptic, and no individual witness will receive anything of value—other than as a shareholder of Haptic—based on the outcome of this suit. Exh. 1. And the funding entity itself provided a similar declaration in its action to quash Apple's subpoena, confirming no ownership or control of Haptic or the litigation. *Haptic, Inc. v. Apple, Inc.*, No. 4:25-mc-00331, Dkt. 1-1 (S.D. Tex. Feb. 24, 2025).

Apple also claims the discovery is justified because it could include information relevant to damages. But "[litigation funding agreements] are not patent licensing agreements and are not otherwise relevant to the hypothetical negotiation between the parties" for damages, and "[t]he best that can be said about litigation funding agreements is that they are informed gambling on the outcome of litigation. They are so far removed from the hypothetical negotiation that they have no relevance." *See, e.g.*, *AVM Techs., LLC v. Intel Corp.*, No. 15-33-RGA, 2017 WL 1787562, at *3

the 'realistic[ ] apprais[al]' of the case"); *Colibri Heart Valve LLC v. Medtronic CoreValve LLC*, No. 8:20-cv-00847-DOC (JDEx), 2021 WL 10425630, at *1, 4 (C.D. Cal. Mar. 26, 2021).

(D. Del. May 1, 2017). Further, Haptic has already offered a verified interrogatory response confirming it has neither performed nor provided anyone with a valuation of the patent itself. Exh.1.

### B. Even if Apple could somehow articulate a non-speculative, relevant basis for the discovery, the documents are privileged.

Litigation funding information, including communications with funders, is protected work product and further covered by a common interest. *See Art Akiane LLC. v. Art & Soulworks LLC*, 2020 WL 5593242, at *6 (N.D. Ill. Sept. 18, 2020) ("[C]ourts that have examined the issue have generally held that litigation funding documents are protected by the work-product doctrine."); *United States v. Homeward Residential, Inc.*, 2016 WL 1031154, at *6 (E.D. Tex. Mar. 15, 2016) ("The Court finds that the litigation funding information is protected by the work product doctrine"); *Odyssey Wireless, Inc. v. Apple Inc.*, No. 3-15-CV-01735HRBB, 2016 WL 7665898, at *6 (S.D. Cal. Sept. 20, 2016) (collecting authority). A recent federal court decision collecting authority on this issue succinctly explained why litigation funding materials fall within the work-product doctrine:

> The work-product doctrine is "intensely practical ..., grounded in the realities of litigation in our adversary system." In litigation finance, one of those realities is that financiers need to evaluate the strength of a case before agreeing to fund it. These internal discussions leave a revealing trail of mental impressions, legal theories, and strategic notes—all created as confidential internal documents or sent under nondisclosure agreements, and so written with vulnerable candor. If the work-product doctrine did not protect these records, then plaintiffs who got litigation finance would need to expose these confidential attorney impressions to their opponents. That would chill lawyers from discussing a pending case frankly. The work-product doctrine was created to prevent that result.

*Design with Friends, Inc. v. Target Corp.*, No. 1:21-CV-01376-SB, 2024 WL 4333114, at *3 (D. Del. Sept. 27, 2024) (internal citations omitted).

Apple cannot meet its burden to show a need for litigation funding information, let alone "substantial need" and "undue hardship" required by Rule 26(b)(3)(A)(ii).

### C. Apple's cited cases are inapposite.

Ignoring the sea of cases going against Apple's position, Apple cites a handful of outliers— in addition to cases not about litigation funding at all.

- *Acceleration Bay* involved a recommendation of a special master that had articulated non-speculative reasons for relevance. 2018 WL 798731, at *1 (D. Del. Feb. 9, 2018). A subsequent Delaware case declined to follow *Acceleration Bay*. *United Access Techs., LLC v. AT&T Corp.*, No. CV 11-338-LPS, 2020 WL 3128269, at *1 (D. Del. June 12, 2020) (Stark, J.) ("But *Acceleration Bay* does not hold (as no case could) that such materials are always relevant, without any consideration of additional factors.").
- *Odyssey Wireless* recognized that the work product doctrine applied to litigation funding, but ordered patent valuation documents—in redacted form—produced because it could not obtain valuations from any other source. 2016 WL 7665898, at *6-7 (S.D. Cal. Sept. 20, 2016). Yet Haptic has already confirmed it provided no valuations of the patent to any litigation funder. Further, a subsequent case S.D. Cal.—involving **Apple**—distinguished *Odyssey Wireless* and rejected Apple's efforts to obtain litigation funding documents. *Taction Tech., Inc. v. Apple Inc.*, 2022 WL 18781396, at *8. And yet another case found no substantial need for litigation funding materials when they did not contain a valuation of the patent. *GoTV Streaming, LLC v. Netflix, Inc.*, No. 222CV07556RGKSHK, 2023 WL 4237609, at *14 (C.D. Cal. May 24, 2023).

| | | |
|---|---|---|
| 1 | Dated: March 25, 2025 | Respectfully submitted, |
| 2 | By: */s/ Rocco Magni* | By: */s/ Joy B. Kete* |
| 3 | Davida Brook (SBN 275370)<br>dbrook@susmangodfrey.com | Roger A. Denning (SBN 228998)<br>denning@fr.com |
| 4 | Connor Cohen (SBN 354686)<br>ccohen@susmangodfrey.com | Seth M. Sproul (SBN 217711)<br>sproul@fr.com |
| 5 | SUSMAN GODFREY L.L.P.<br>1900 Avenue of the Stars, Suite 1400 | Joy B. Kete (SBN 355859)<br>kete@fr.com |
| 6 | Los Angeles, CA 90067<br>Telephone: (310) 789-3100 | Ryan P. O'Connor (SBN 253596)<br>oconnor@fr.com |
| 7 | Facsimile: (310) 789-3150 | Jeff H. Burton (SBN 328305)<br>jburton@fr.com |
| 8 | Brian D. Melton (Admitted *pro hac vice*) | FISH & RICHARDSON P.C. |
| 9 | bmelton@susmangodfrey.com<br>Rocco Magni (Admitted *pro hac vice*) | 12860 El Camino Real, Suite 400<br>San Diego, CA 92130 |
| 10 | rmagni@susmangodfrey.com<br>Ace M. Factor (Admitted *pro hac vice*) | Tel: (858) 678-5070 / Fax: (858) 678-5099 |
| 11 | afactor@susmangodfrey.com | Katherine D. Prescott (SBN 215496) |
| 12 | Shaleez E. Ozlat (Admitted *pro hac vice*)<br>sozlat@susmangodfrey.com | prescott@fr.com<br>Jeanel N. Sunga (SBN 333815) |
| 13 | Thomas V. DelRosario (SBN 236264)<br>tdelrosario@susmangodfrey.com | sunga@fr.com<br>Claire Chang (SBN 341420) |
| 14 | SUSMAN GODFREY L.L.P.<br>1000 Louisiana Street, Suite 5100 | cchang@fr.com<br>FISH & RICHARDSON P.C. |
| 15 | Houston, TX 77002<br>Telephone: (713) 651-9366 | 500 Arguello Street, Suite 400<br>Redwood City, CA 94063 |
| 16 | Facsimile: (713) 654-6666 | Tel: 650-893-5070 / Fax: 650-839-5071 |
| 17 | | |
| 18 | Benjamin M. Manne (Admitted *pro hac vice*)<br>bmanne@susmangodfrey.com | Qiuyi Wu (Admitted *pro hac vice*)<br>qwu@fr.com |
| 19 | SUSMAN GODFREY L.L.P.<br>401 Union Street, Suite 3000 | FISH & RICHARDSON P.C.<br>One Marina Park Drive |
| 20 | Seattle, WA 98101<br>Telephone: (206) 516-3880 | Boston, MA 02210<br>Tel: 516-542-5070 / Fax 617-542-8906 |
| 21 | | |
| 22 | *Attorneys for Plaintiff Haptic, Inc.* | Joshua H. Park (Admitted *pro hac vice*)<br>jpark@fr.com |
| 23 | | FISH & RICHARDSON P.C.<br>909 Fannin Street, #2100 |
| 24 | | Houston, TX 77010<br>Tel: 713-654-5335 / Fax: 713-652-0109 |
| 25 | | |
| 26 | | *Attorneys for Defendant Apple Inc.* |
| 27 | | |
| 28 | | |

# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAPTIC, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE, INC., <br><br> Defendant. | Case No. 24-cv-02296-JSC <br><br> **ORDER CONTINUING CMC AND SETTING DISCOVERY DISPUTE DEADLINE** |

Upon review of the parties' joint case management conference statement (Dkt. No. 141), the further conference scheduled for February 26, 2025 is continued to April 2, 2025 at 2:00 p.m. via Zoom video. An updated joint statement is due March 26, 2025. If the parties are unable to resolve all of the discovery disputes alluded to in the joint statement (Dkt. No. 141), then by March 25, 2025 they shall file a discovery dispute joint letter regarding each unresolved dispute.

**IT IS SO ORDERED.**

Dated: February 21, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge