**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| HAPTIC, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:25-mc-331 |
| | § | |
| APPLE INC., | § | (Case No. 3:24-cv-02296-JSC is pending in |
| | § | the Northern District of California) |
| Defendant, | § | |
| | § | |

**NON-PARTIES SILTSTONE CAPITAL LLC, SILTSTONE CAPITAL LITIGATION**
**FUND, LP, AND LF HAPTIC, LLC'S RESPONSE TO APPLE INC.'S OPPOSED**
**<u>MOTION TO TRANSFER</u>**

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

APPLICABLE LEGAL STANDARDS ..................................................................................2

ARGUMENT .........................................................................................................................3

I.     APPLE HAS NOT ESTABLISHED ANY "EXCEPTIONAL CIRCUMSTANCES"
       AS REQUIRED FOR TRANSFER UNDER RULE 45(F). ................................................3

       A.     The California Court Has Not "Already Ruled" on the Relevant Issues. ................4

       B.     Denying Transfer Would Not Otherwise Disrupt the California Court's
              Management of the Haptic Action. ..........................................................................5

II.    THE BURDEN TRANSFER WOULD IMPOSE ON THE SILTSTONE ENTITIES
       OUTWEIGHS ANY BENEFITS .........................................................................................8

CONCLUSION.....................................................................................................................10

**<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

**Cases**

*Cattle & Beef Antitrust Litig. v. JBS S.A.*,
  No. 8:22CV204, 2022 WL 17718553 (D. Neb. Dec. 15, 2022) .................................................9

*Hood v. City of Chicago*,
  No. 1:19-MC-00123(APM), 2019 WL 5295169 (D.D.C. Oct. 18, 2019) ...............................5

*In re I.M. Wilson, Inc.*,
  No. 21-MC-122-RGA, 2022 WL 1239905 (D. Del. Apr. 27, 2022) ........................................6

*Inter-Am. Dev. Bank v. Venti S.A.*,
  No. 16-MC-21016, 2016 WL 5786982 (S.D. Fla. Oct. 4, 2016)..............................................7

*Lower48 IP LLC v. Shopify, Inc.*,
  No. 6:22-CV-00997, 2023 WL 11893431 (W.D. Tex. Nov. 2, 2023)......................................7

*Personalized Media Commc'ns, LLC v. Top Victory Elecs. (Taiwan) Co.*,
  No. 16-MC-80122-SK, 2016 WL 8542561 (N.D. Cal. Aug. 3, 2016) .................................6, 9

*Matter of Sessions*,
  No. 1:23-MC-00016-JB-B, 2023 WL 7308425 (S.D. Ala. Nov. 6, 2023) ...............................3

*Stemmons Enterprise, L.L.C. v. Fisker, Inc.*,
  No. 4:22-cv-01487, 2023 WL 7545223 (S.D. Tex. Nov. 13, 2023).........................................8

*In re Subpoena on Sorrento Therapeutics, Inc.*,
  No. 3:17-CV-2442-WQH-NLS, 2018 WL 788899 (S.D. Cal. Feb. 8, 2018) ..........................6

*In re Subpoena Served on Affiliated Foods, Inc.*,
  No. 2:21-MC-3-Z, 2021 WL 4439796 (N.D. Tex. Sept. 28, 2021)...............................2, 3, 4, 8

*In re Subponeas Issued to Labatt Food Serv., LLC*,
  No. SA-21-MC-01242-XR, 2022 WL 1000318 (W.D. Tex. Apr. 1, 2022) ........................3, 4

*Trs. of Purdue Univ. v. STMicroelectronics, Inc.*,
  No. 6:21-CV-00727-ADA, 2023 WL 11917023 (W.D. Tex. Jan. 18, 2023) .......................7, 9

*Woods ex rel. U.S. v. SouthernCare, Inc.*,
  303 F.R.D. 405 (N.D. Ala. 2014)...................................................................................3, 4, 5, 8

**Rules**

Federal Rule of Civil Procedure 45 ....................................................................... *passim*

Siltstone Capital LLC ("Siltstone"), Siltstone Capital Litigation Fund, LP ("SCLF"), and LF Haptic, LLC ("LFH") (collectively, the "Siltstone Entities"), respectfully submit this response in opposition to Apple Inc. ("Apple")'s Opposed Motion to Transfer (the "Motion to Transfer") the Siltstone Entities' Motion to Quash to the U.S. District Court for the Northern District of California. The Court should deny the Motion to Transfer.

## INTRODUCTION

Based on recent developments in the underlying action between Apple and Haptic (the "Haptic Action"), Apple's subpoenas issued to the Siltstone Entities are clearly impermissible under Federal Rule of Civil Procedure 45(d)(1). Indeed, it is now clear that Apple's dispute with Haptic regarding the discoverability of litigation funding materials will be decided by the Northern District of California in the context of Apple's forthcoming motion to compel against Haptic.[1] Because the California court will be adjudicating Apple's dispute with Haptic, Apple cannot continue to demand entirely duplicative discovery from the Siltstone Entities through non-party subpoenas, regardless of whether Apple pushes for this discovery here or in the Northern District of California. Rather than continue to impose unnecessary costs on the Siltstone Entities, Apple—which has a legal obligation to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" under Rule 45(d)(1)—should be taking steps to withdraw its subpoenas and should litigate directly against Haptic.

---

[1] On March 25, 2025, Apple and Haptic filed a joint statement in the Northern District of California regarding their litigation-funding discovery dispute, in which Apple requested "full briefing" on its anticipated motion to compel against Haptic. *See* ECF No. 17, Ex. A at 1. On April 2, 2025, the California court held a case management conference and directed Apple and Haptic "to submit a stipulation on a briefing schedule regarding their discovery dispute." ECF No. 156, *Haptic, Inc. v. Apple Inc.*, Case No. 3:24-cv-02296-JSC (N.D. Cal.).

But to the extent Apple continues to demand duplicative discovery from the Siltstone Entities—and requires this Court to adjudicate the Motion to Transfer—Apple has not come close to establishing the "exceptional circumstances" necessary for transfer under Federal Rule of Civil Procedure 45(f).  And even if Apple could demonstrate such "exceptional circumstances," they would not outweigh the undue burden that transferring the Siltstone Entities' Motion to Quash to the Northern District of California would impose on the Siltstone Entities.  Simply put, any disputes between Apple and the Siltstone Entities belong in this Court, where the Siltstone Entities were served and where the Siltstone Entities have already expended significant resources briefing their Motion to Quash.

## APPLICABLE LEGAL STANDARDS

"Federal Rules of Civil Procedure give courts a duty to protect non-parties from unduly burdensome subpoenas." *In re Subpoena Served on Affiliated Foods, Inc.*, No. 2:21-MC-3-Z, 2021 WL 4439796, at *1 (N.D. Tex. Sept. 28, 2021) (denying motion to transfer and quashing subpoena).  Under Rule 45, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."  Fed. R. Civ. P. 45(f).

Because the Siltstone Entities have not consented to transfer, Apple—as "[t]he proponent of transfer"—"bears the burden of showing that such circumstances are present."  Fed. R. Civ. P. 45, Advisory Committee Notes on 2013 Amendment, Subdivision (f).  Critically, "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions."  *Id.*  Thus, under Rule 45(f), "[t]ransfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion."  *Id.*  "The lack

of a burden imposed on the nonparty by transfer is not in itself an exceptional circumstance and is insufficient to warrant transfer." *Woods ex rel. U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405, 407 (N.D. Ala. 2014).

## **ARGUMENT**

### I.    **APPLE HAS NOT ESTABLISHED ANY "EXCEPTIONAL CIRCUMSTANCES" AS REQUIRED FOR TRANSFER UNDER RULE 45(F).**

The Court should deny the Motion to Transfer because Apple has failed to meet its burden to establish that "exceptional circumstances" exist.  Because Rule 45(f) does not define "exceptional circumstances," courts look to the Advisory Committee Notes, which provide that transfer "may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation." *Affiliated Foods*, 2021 WL 4439796, at *3 (quoting Advisory Committee Notes).  The Advisory Committee Notes provide two examples of situations where such disruption may be present:  (1) "when that court has already ruled on issues presented by the motion" or (2) "the same issues are likely to arise in discovery in many districts."[2] *Id.*; *see also In re Subpoenas Issued to Labatt Food Serv.*, LLC, No. SA-21-MC-01242-XR, 2022 WL 1000318, at *2 (W.D. Tex. Apr. 1, 2022); *Woods*, 303 F.R.D. at 408; *Matter of Sessions*, No. 1:23-MC-00016-JB-B, 2023 WL 7308425, at *3 (S.D. Ala. Nov. 6, 2023).

Absent one of those express examples in the Advisory Committee Notes, courts have also considered whether "the issuing court is in the best position to rule on the pending discovery motions." *Labatt*, 2022 WL 1000318, at *2 (citation omitted).  That said, courts in the Fifth Circuit have also cautioned that "local resolution of a nonparty subpoena duces tecum does not automatically disrupt underlying litigation," and therefore, proponents of the Rule 45(f) motion to

---

[2] This situation recognized in the Advisory Committee Notes—*i.e.*, "the same issues are likely to arise in discovery in many districts"—has no potential applicability here because the underlying dispute between Apple and Haptic is not a multi-district litigation.

transfer must show "additional facts" supporting such a claim. *Affiliated Foods*, 2021 WL 4439796, at *4.

As explained below, none of those "exceptional circumstances" that would permit transfer under Rule 45(f) are present here—(1) the California court has not "already ruled" on any of the issues presented in the Siltstone Entities' Motion to Quash, and (2) the Motion to Quash does not present any complex issues that the California court is best positioned to decide. As such, the Court should deny Apple's Motion to Transfer.

### A.    The California Court Has Not "Already Ruled" on the Relevant Issues.

While Apple is quick to emphasize that the California court has decided other issues in the Haptic Action (Motion at 2), Apple does not argue (because it cannot) that the court has already ruled on the issues presented by the Motion to Quash. Indeed, the discovery dispute between Apple and Haptic was only recently submitted to the California court on March 25, 2025, and Apple and Haptic were directed to submit a briefing schedule on April 2, 2025.[3] It could be months before the California court actually decides Apple's forthcoming motion to compel against Haptic. Accordingly, Apple "[has] not identified a single ruling by the issuing court that would support a finding that this Court's ruling would actually interfere with the management of the [Haptic Action]." *Labatt*, 2022 WL 1000318, at *2 (denying motion to transfer and granting motion to quash a subpoena).

The Northern District of Alabama's decision in *Woods ex rel. U.S. v. SouthernCare, Inc.* is instructive. In *Woods*, the court denied a motion to transfer, and found that even though it was "likely" that "some of the issues that will arise in resolving the motions to quash will also arise in

---

[3] ECF No. 156, *Haptic, Inc. v. Apple Inc.*, Case No. 3:24-cv-02296-JSC (N.D. Cal.) (minute entry directing Apple and Haptic "to submit a stipulation on a briefing schedule regarding their discovery dispute").

the underlying litigation . . . such overlap is an insufficient reason, standing alone, to warrant transfer of the motions." 303 F.R.D. at 408. As the *Woods* court explained, "the Advisory Committee's note only identifies resolution of the motion as disruptive of the underlying litigation if the issuing court has **already** ruled on the issues, not if it might or will rule on them in the future," and thus, "[t]he risk of overlapping future rulings, in the name of judicial economy or otherwise, does not constitute an exceptional circumstance." *Id.* (emphasis in original). Indeed, as the *Woods* court observed, Rule 45(f) requires that "exceptional (i.e. unusual) circumstances exist" but "[i]f judicial efficiency is the primary concern, transfer would almost always be appropriate in order to avoid multiple rulings on the same issues." *Id.* Since it cannot be that "[m]ost nonparty subpoenas" present an exceptional circumstance, the court held that "the risk of overlapping future rulings is not an exceptional circumstance (absent multi-district concerns)." *Id.* at 409. The same is true here, where although the California court likely will rule on these issues in the future, no ruling has already been made.[4]

### B.    Denying Transfer Would Not Otherwise Disrupt the California Court's Management of the Haptic Action.

This Court would not disrupt the California court's management of the Haptic Action by deciding the Motion to Quash because the California court is not in a better position to decide these issues. *See Hood v. City of Chicago*, No. 1:19-MC-00123(APM), 2019 WL 5295169, at *3 (D.D.C. Oct. 18, 2019) (finding no exceptional circumstances where motion to quash a subpoena raised service, burden, and privilege issues that were "not complex, and they do not rest on facts or law that the [other] court is uniquely positioned to decide"). The Siltstone Entities' Motion to

---

[4] As explained in the Motion to Quash, the only documents in the Siltstone Entities' files that would not otherwise be in Haptic's files are non-discoverable "internal attorney-client privileged documents" of the Siltstone Entities. ECF No. 7 at 2.

Quash raises three principal issues,[5] none of which require the Court to be familiar with the particular facts at issue in the Haptic Action.

As a result, Apple's "judicial economy" argument—namely, that the court in the Northern District of California "is already intimately aware of the context of the litigation, which will inform any decision on the documents' relevance" (Motion at 7)— falls flat. *See In re Subpoena on Sorrento Therapeutics, Inc.*, No. 3:17-CV-2442-WQH-NLS, 2018 WL 788899, at *2 (S.D. Cal. Feb. 8, 2018) (finding argument that issuing court "has familiarity with the claims at issue and the factual history of the case . . . is a concern that exists in almost every such motion and cannot alone be sufficient to constitute an 'extraordinary circumstance.'"); *Personalized Media Commc'ns, LLC v. Top Victory Elecs. (Taiwan) Co.*, No. 16-MC-80122-SK, 2016 WL 8542561, at *2 (N.D. Cal. Aug. 3, 2016) (denying motion to transfer, explaining "[a]s to the issue of judicial economy, such a risk would be inherent in any motion to compel determined by an issuing court").

Apple has not advanced any case-specific reasons for the relevance of the litigation-funding discovery that it is seeking from the Siltstone Entities, much less made the "compelling showing" required by courts in the Fifth Circuit.[6] This Court is equally capable of determining the issues presented by the Motion to Quash. *See, e.g.*, *In re I.M. Wilson, Inc.*, No. 21-MC-122-RGA, 2022 WL 1239905, at *2 (D. Del. Apr. 27, 2022) (finding no exceptional circumstances

---

[5] *First*, whether the subpoenas Apple served on the non-party Siltstone Entities are unduly burdensome because Apple is attempting an end-run around party discovery. ECF No. 1 at 8-10. *Second*, whether the discovery Apple seeks is relevant despite Apple's failure to make the necessary "compelling showing" that such discovery is relevant to the Haptic Action specifically. *Id.* at 10-19. *Third*, whether the discovery sought, even if relevant, is nonetheless protected from disclosure by the work product doctrine and attorney-client privilege. *Id.* at 19-24.

[6] Instead, Apple simply points to arguments that have been successful on the unique facts of a limited number of other cases, and extrapolates from those cases a general rule that litigation-funding materials are always discoverable. *See* ECF No. 1 (Motion to Quash) at 10-12. But that is not correct. As courts in the Fifth Circuit have made clear, a party seeking litigation-funding discovery must make a "compelling showing" of relevance. *Id.*

where "the issues presented in this motion are straight forward"); *Inter-Am. Dev. Bank v. Venti S.A.*, No. 16-MC-21016, 2016 WL 5786982, at *7 (S.D. Fla. Oct. 4, 2016) (denying motion to transfer and explaining "courts applying Rule 45(f) have recognized that such questions [concerning legal issues such as the application of attorney–client or work–product privileges] are adequately dealt with by the compliance court"); *Trs. of Purdue Univ. v. STMicroelectronics, Inc.*, No. 6:21-CV-00727-ADA, 2023 WL 11917023, at *3 (W.D. Tex. Jan. 18, 2023) ("Courts, in this district and elsewhere, have routinely held that information about litigation funding is largely irrelevant and thus beyond the scope of discovery absent a compelling showing of a legitimate concern."); *Lower48 IP LLC v. Shopify, Inc.*, No. 6:22-CV-00997, 2023 WL 11893431, at *2 (W.D. Tex. Nov. 2, 2023) ("Precedent in the Western District of Texas has consistently denied motions to compel production of information related to litigation funding.").[7]

There is also an obvious way for this Court to grant the Siltstone Entities' Motion to Quash that would not arguably interfere with the California court's adjudication of Apple's forthcoming motion to compel.  Specifically, as the Siltstone Entities made clear in their Motion to Quash, Apple has improperly attempted to end-run its discovery dispute with Haptic by subpoenaing the Siltstone Entities.  *See* ECF No. 1 at 8-10.  But as courts in the Fifth Circuit have recognized previously, "[t]hird-party discovery is 'not meant to provide an end-run around the regular discovery process under Rules 26 and 34," and "a party's refusal to produce documents sought under Fed. R. Civ. P. 26 and 34 'should be addressed by a motion to compel, not a subpoena to a

---

[7] Apple mistakes the Siltstone Entities' attorney-client privilege assertion when arguing that the privilege "belongs to Haptic," and therefore, the privilege issues should be decided in California. Motion at 8.  Although the Siltstone Entities have claimed that their documents shared with Haptic are protected by the work product doctrine, the Siltstone Entities have also made clear that they have internal documents—which were not shared with Haptic—that are protected by the attorney-client privilege as well.  *See* ECF No. 7 at 4.

nonparty." *Stemmons Enterprise, L.L.C. v. Fisker, Inc.*, No. 4:22-cv-01487, 2023 WL 7545223, at *1 (S.D. Tex. Nov. 13, 2023) (quoting *Scrum Alliance Inc. v. Scrum, Inc.*, No. 4:20-cv-00227, 2020 WL 6559625, at *3 (E.D. Tex. Nov. 9, 2020)).  If the Court were to grant the Siltstone Entities' Motion to Quash on that basis, Apple would have no possible argument that this Court's decision interfered with the California case.  The Court would simply be requiring Apple to litigate its litigation-funding discovery dispute directly with Haptic—rather than indirectly with the Siltstone Entities—and there would be no potential inconsistency between this Court's decision on the Siltstone Entities' Motion to Quash and the California court's forthcoming decision on Apple's motion to compel against Haptic.

## II.    THE BURDEN TRANSFER WOULD IMPOSE ON THE SILTSTONE ENTITIES OUTWEIGHS ANY BENEFITS

Even if Apple were able to demonstrate that "exceptional circumstances" warranted transfer under Rule 45(f), Apple's arguments would not outweigh the Siltstone Entities' interest in having their fully-briefed Motion to Quash decided by this Court.  *See Affiliated Foods*, 2021 WL 4439796, at *4 (explaining "the Court will consider whether [movants] have demonstrated exceptional circumstances and will balance any such circumstances against the nonparty's interest in local resolution of the motion").

As a general matter, courts have found that non-parties are "significantly burdened by defending itself in a state where it does not conduct business and has no contacts."  *Affiliated Foods*, 2021 WL 4439796, at *4; *Woods*, 303 F.R.D. at 407 ("[L]ocal nonparties should be burdened as little as practicable by litigation in which they are not involved, and local resolution of the motion will typically impose a lighter burden").  That is the case for the Siltstone Entities, which are based in Houston, Texas, and have no offices or personnel in California.  The Siltstone Entities have a strong interest in having the Motion to Quash decided locally by this Court in the

8

Southern District of Texas.  In that regard, courts have rejected Apple's contention (Motion at 10-11) that the Siltstone Entities would not be burdened if they could appear remotely in California.  *See, e.g.*, *Personalized Media*, 2016 WL 8542561, at \*2 (rejecting as "inadequate" argument that there was no burden due to a policy "to allow telephonic appearances").

Additionally, the Siltstone Entities have already spent significant time and effort briefing the Motion to Quash before this Court based on the relevant legal standards in the Fifth Circuit.  *See, e.g.*, *Trustees of Purdue Univ.*, 2023 WL 11917023, at \*3 (holding that a party seeking litigation-funding materials must demonstrate a "compelling showing of a legitimate concern" to obtain such discovery).  If the Motion to Quash were transferred to the Northern District of California, it is entirely possible that the California court will require the Siltstone Entities to submit supplemental briefing.  *See, e.g.*, *Cattle & Beef Antitrust Litig. v. JBS S.A.*, No. 8:22CV204, 2022 WL 17718553, at \*5 (D. Neb. Dec. 15, 2022) (denying motion to transfer where "both parties will need to re-litigate their issues before the [other] court" and "will incur unnecessary costs and fees if the motion to quash is transferred").  And although it is true that the Siltstone Entities cited *some* "district-specific law" in their Motion to Quash (Motion at 10), the Siltstone Entities' relied on only two cases from the Northern District of California.  Rather, having properly bought their Motion to Quash in this Court under Rule 45(d)(3), the Siltstone Entities relied on opinions from courts in the Fifth Circuit in their papers.  ECF Nos. 1 and 7.  Apple's authority assumes that "few, if any, modifications of the written submissions" would be required, but that simply cannot be guaranteed.  Motion at 9-10 (quoting *Google, Inc. v. Digital Citizens All.*, No. MC 15-00707 JEB/DAR, 2015 WL 4930979, at \*4 (D.D.C. July 31, 2015)).  The Siltstone Entities (and Apple) have no way of knowing what the California court will require by way of supplemental briefs if this Court were to transfer the Motion to Quash.

## **CONCLUSION**

For the foregoing reasons, the Siltstone Entities respectfully request that the Court deny

Apple's Motion to Transfer.


Dated: New York, New York                    SCHULTE ROTH & ZABEL LLP
       April 7, 2025

                                               By:   */s/ Robert E. Griffin*
                                                    Robert E. Griffin
                                                    **Attorney-in-Charge**
                                                    Southern District of Texas Bar No. 3908408
                                                    New York Bar No. 5048335
                                                    George H. Rowe (*pro hac vice forthcoming*)
                                                    New York Bar No. 5513486
                                                    919 Third Avenue
                                                    New York, New York  10022
                                                    Tel: (212) 756-2000
                                                    Fax: (212) 593-5955
                                                    robert.griffin@srz.com
                                                    george.rowe@srz.com

                                                    *Attorneys for Siltstone Capital LLC,*
                                                    *Siltstone Capital Litigation Fund, LP, and*
                                                      *LF Haptic, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned counsel hereby certifies that on April 7, 2025, a true and correct copy of the foregoing Response to Apple Inc.'s Opposed Motion to Transfer and all papers filed in support thereof was served on all parties through their counsel of record via Federal Express and email to:

Joy B. Kete
kete@fr.com
Fish & Richardson P.C.
12860 El Camino Real Suite 400
San Diego, CA 92130

**ATTORNEYS FOR DEFENDANT APPLE INC.**

Rocco Magni
rmagni@susmangodfrey.com
Susman Godfrey LLP
1000 Louisiana Street
Suite 5100
Houston, TX 77002

**ATTORNEYS FOR PLAINTIFF HAPTIC, INC.**

       */s/ Robert E. Griffin*
       Robert E. Griffin

11